# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GERRY JACOBE REALIN,

      Plaintiff,

      v.                            Case No.:  6:25-cv-02165-LHP

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,

### ORDER

Before the Court is Plaintiff's Unopposed Motion for Attorney's Fees.  Doc. No. 24.  Upon review, the motion (Doc. No. 24) will be granted.

Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of an application for social security benefits.  Doc. No. 1.  On March 11, 2026, after Plaintiff's briefing was filed, Doc. No. 15, but pursuant to an unopposed motion to remand, Doc. No. 20, the Court reversed and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. No. 21.  Judgment was entered in favor of Plaintiff and against the Commissioner the following day.  Doc. No. 22.

By the present motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Doc. No. 24.  Plaintiff

requests a total of $4,198.12 in attorney's fees under the EAJA, for 16.0 hours of work performed by Plaintiff's counsel in 2025 and 2026. *Id.* at 2, 7, 11–12. Plaintiff also seeks to recover $405.00 in costs for payment of the filing fee. *Id.* at 1, 3. The Commissioner does not oppose the motion. *Id.* at 3.

Upon consideration, and absent any objection from the Commissioner, the Court finds the request for fees pursuant to the EAJA well taken. Accordingly, Plaintiff's Unopposed Motion for Attorney's Fees (Doc. No. 24) is **GRANTED**, to the extent that Plaintiff is awarded a total of $4,198.12 in attorney's fees under the EAJA, and $405.00 in costs.[1]

**DONE** and **ORDERED** in Orlando, Florida on June 11, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Plaintiff's motion references an assignment of EAJA fees from Plaintiff to counsel. Doc. No. 24, at 2; *see also* Doc. No. 24-1. However, Plaintiff states only that "[i]f the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. No. 24, at 2. The government may exercise its discretion to honor Plaintiff's assignment of attorney's fees awarded under the EAJA if the government determines that Plaintiff does not owe a federal debt, but the Court will not order the government to do so.